# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No. 24-2017

_____

MONTEZ TERRIEL LEE, JR.,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA

Respondent - Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
No. 0:20-cr-00168

**APPELLANT'S OPENING BRIEF**

Kira Aakre Kelley, Esq.
Climate Defense Project
P.O. Box 7040
Minneapolis, MN 55407
Phone: (802) 683-4086
kira@climatedefenseproject.org

*ATTORNEY FOR MONTEZ T. LEE, JR.*

# SUMMARY OF THE CASE

On July 22, 2022, Mr. Lee pleaded guilty to the sole charge against him, Arson in violation of 18 U.S.C. § 844(i). Partway through his sentencing hearing on January 14, 2022, Mr. Lee learned for the first time that his attorney Mr. Rivers had stipulated to an enhancement under § 2A1.2 of the United States Sentencing Guidelines despite resounding evidence that the arson did not result in death. Based on this stipulation, the district court sentenced Mr. Lee to 120 months in prison. The initial judgment was entered on January 19, 2022 and amended on April 13, 2022 to add restitution to the decedent's family.

Mr. Lee attempted several times to ask Mr. Rivers to pursue an appeal. Mr. Rivers evaded these calls and withheld Mr. Lee's casefile. No direct appeal was filed. From prison, Mr. Lee eventually made contact with another attorney. The prison refused for six months, until threatened with a lawsuit, to facilitate a confidential legal call between Mr. Lee and this attorney. After this call, the new attorney was able to demand Mr. Lee's case file from Mr. Rivers and to discover the extent to which Mr. Rivers betrayed his client. With this information, Mr. Lee filed a petition under 28 U.S.C. § 2255 seeking resentencing. Upon the Government's motion, the district court dismissed the § 2255 petition as untimely.

Appellant requests ten minutes of oral argument to discuss the interpretation of the one-year time limitation in 28 U.S.C. §2255(f)(1).

# TABLE OF CONTENTS

Page(s)

Summary of the Case ........................................................................... i

Request for Oral Argument .................................................................. i

Table of Authorities ........................................................................... iii

Jurisdictional Statement ....................................................................1

Statement of the Issue Presented for Review ....................................1

Statement of the Case ........................................................................2

Summary of the Argument .................................................................5

Argument ...........................................................................................5

I. The plain text of the statute indicates that an initial order
is not "final" if it will subsequently be amended ..........................6

II. A "final" judgment for the purpose of calculating time
limitations in AEDPA is one that is no longer
subject to appellate review ..........................................................8

III. The Tenth Circuit defines restitution as a component of,
rather than distinct from, a sentence, and holds sentencing
judgments to be final only after deferred restitution is added .....................11

Conclusion .......................................................................................14

Certificate of Service ......................................................................16

Certificate of Compliance ...............................................................17

Addendum

Order Denying Motion to Vacate (R. Doc. 103) ...................................Add. 1

Order Denying Motion to Alter Judgement (R. Doc. 112) ..................Add. 9

Affidavit of Counsel (R. Doc. 102) .....................................................Add. 13

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) .......................................................8-9

*Clay v. United States*, 537 U.S. 522 (2003) ……................................................*passim*

*Dolan v. United States*, 560 U.S. 605 (2010) ............................................................7

*Ingalls Shipbuilding, Inc. v. Office of Workers' Compensation Programs*,
519 U.S. 248 (1997) ................................................................................................6-7

*Jimenez v. Quarterman*, 555 U.S. 113 (2009) .....................................................9-10

*Manrique v. United States*, 581 U.S. 116 (2017) ...............................................11-12

*Roberts v. Sea-Land Services, Inc.*, 566 U.S. 93 (2012) .......................................6-7

*Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)) .............................................6

*Strickland v. Washington*, 466 U.S. 668 (1984) ...................................................5-6


**United States Court of Appeals Cases**

*Dyab v. United States*, 855 F.3d 919 (8th Cir. 2017) .............................................10

*Gonzalez v. United States*, 792 F.3d 232 (2d Cir. 2015) ...................................12-13

*United States v. Anthony*, 25 F.4th 792 (10th Cir. 2022) ...............................*passim*

*United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000) ..........................................12

*United States v. Gammell*, 932 F.3d 1175 (8th Cir. 2019) .......................................9

*United States v. Gilbert*, 807 F.3d 1197 (9th Cir. 2015) ...................................11-12

*United States v. Hernandez*, 436 F.3d 851 (8th Cir. 2006) ......................................5


**United States District Court Cases**

*United States v. Gammell*, 2018 WL 2727547 (D.Minn. 2018) ..............................9

**United States Code**

18 USC §844(i) ........................................................................1-2

18 U.S.C. § 3556 ..........................................................................13

18 U.S.C. § 3611 ..........................................................................13

18 U.S.C. § 3614 ..........................................................................13

18 U.S.C. § 3663A(c)(3)(B) ..........................................................13

18 U.S.C. § 3664(o) ......................................................................13

28 U.S.C. § 2244(d)(1)(A) ..........................................................1, 9

28 U.S.C. §2255 ....................................................................passim

**Other Authorities**

*Black's Law Dictionary* (12th ed. 2024) ......................................7

Fed.R. App. P. 4(b)(1)(A)(i) ..........................................................6

Form AO 245B, Supp. R., Vol. 1 ..................................................14

*Merriam Webster Dictionary* (Online Edition) ............................7

USSG §2A1.2 ................................................................................3

# JURISDICTIONAL STATEMENT

Appellant Montez Terriel Lee Jr. was indicted with one count of Arson in violation of 18 U.S.C. §844(i). App. 1 R. Doc. 14. The District Court of Minnesota had jurisdiction based on 18 U.S.C. § 3231, because the offense was against the laws of the United States. Mr. Lee filed a post-conviction Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was dismissed on October 11, 2023. App. 119 R. Doc. 103. Mr. Lee filed a motion to reconsider this dismissal pursuant to Rule 59(e) of the Federal Rules of Criminal Procedure, which was denied on April 26, 2024. App. 141 R. Doc. 112. A Notice of Appeal was timely filed on May 10, 2024. App. 145 R. Doc. 113. This Court has jurisdiction under 28 U.S.C. §§ 1291 and 2253 over an appeal taken from the district court's final order denying Mr. Lee's Motion to Alter or Amend the Order dismissing the Motion to Vacate.

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

I.    **The district court erred when it calculated the one-year time limitation in 28 U.S.C. § 2255(f)(1) based on the initial judgment as opposed to the amended judgment adding restitution.**

- *United States v. Anthony*, 25 F.4th 792 (10th Cir. 2022)
- *Gonzalez v. United States*, 792 F.3d 232 (2d Cir. 2015)
- *Clay v. United States*, 537 U.S. 522 (2003)
- *Jimenez v. Quarterman*, 555 U.S. 113 (2009)
- 28 U.S.C. § 2255(f)(1)
- 28 U.S.C. § 2244(d)(1)(A)

# STATEMENT OF THE CASE

Mr. Lee took accountability for the crime he committed, and according to the United States Sentencing Guidelines (the "Guidelines") he should be returning home to his children after serving five years in federal prison. He is now serving twice as much time pursuant to a sentence enhancement for a death he did not cause, to which his trial attorney stipulated for no articulable reason. Meanwhile, another family is left with unsatisfying answers to their own tragic loss–Mr. Lee's wrongful enhancement has ended the investigation into how their brother, son, and husband really died. This family deserves the truth, and Mr. Lee should not serve five extra years to provide a false resolution to a real tragedy.

Mr. Lee was charged and subsequently indicted with one count of federal Arson, pursuant to 18 USC §844(i). App. 1 R. Doc. 14. Later that summer, authorities found the remains of a human being inside the burned building and attributed that death to the arson. App. 7 R. Doc. 74, at 3.

An independent forensic expert report found that due to the condition of the human remains it was impossible to tell with any degree of medical certainty whether fire caused the death. App. 78 R. Doc. 97, at 1. Phone records, eyewitness testimony, and video footage placed the decedent elsewhere in Minneapolis until after the building had been consumed by flames. *Id*. Mr. Lee walked through the building to ensure that nobody was inside unaware. App. 55 R. Doc. 95, at 11.

Mr. Lee entered an agreement to plead guilty to the offense as charged, with the one issue in dispute being whether a cross reference to USSG §2A1.2 should apply for a crime resulting in death. App. 3 R. Doc. 66. This enhancement would raise Mr. Lee's advisory sentence from the 60 month statutory minimum to the 240 month maximum. App. 21 R. Doc. 74, at 17. Mr. Rivers passively stipulated to the sentence enhancement without informing Mr. Lee and without negotiating any benefit for his client in exchange for conceding solid legal arguments. App. 23 R. Doc. 81.

Mr. Lee appeared remotely at his sentencing hearing and learned for the first time in open court that Mr. Rivers stipulated to a highly questionable enhancement that increased Mr. Lee's exposure by fifteen years. App. 110 R. Doc. 102, at 1.

The district court sentenced Mr. Lee to 120 months, which order was entered on January 19, 2022. App. 25 R. Doc. 89. Beginning immediately after sentencing, Mr. Lee called Mr. Rivers numerous times to pursue an appeal. App. 111 R. Doc. 102, at 2. Mr. Rivers avoided contact and refused to transmit Mr. Lee's casefile. *Id*.

The trial court amended the sentencing order on April 13, 2022, adding restitution. App. 38 R. Doc. 93. Mr. Lee did not file a direct appeal.

While serving his sentence at Raybrook Federal Correctional Institution ("Raybrook"), Mr. Lee was able to make contact through a third party with the undersigned attorney. App. 110 R. Doc. 102. From August of 2022 until February

of 2023, the undersigned attorney repeatedly called the number as instructed by FCI Raybrook to set up a confidential legal call with Mr. Lee. *Id*. at 4-6. After months of repeated failed attempts, as well as calls to supervisory staff to confirm that the correct process had been provided, the undersigned attorney sent FCI Raybrook a Notice of Claim identifying a cause of action regarding Mr. Lee's continued deprivation of access to his attorney. *Id*. at Exhibit 1. The day after receiving this notice, FCI Raybrook finally responded. *Id*.

At that point, Mr. Lee had not seen many key documents in his own casefile, which Mr. Rivers continued refusing to disclose. App. 97-98 R. Doc. 101, at 5-6.

Mr. Lee's reasonable but unsuccessful attempts at self advocacy reveal a shameful pattern: legal representation should not be, but in practice is, necessary in order to have basic rights upheld. Mr. Lee asked repeatedly for FCI Raybrook to set up a privileged and confidential legal call with his new attorney, but FCI Raybrook refused to do so until that attorney threatened a lawsuit. *Id*. Mr. Rivers similarly ignored Mr. Lee's requests to view or possess his own casefile, responding only when confronted by another attorney. *Id*.

At last able to review his file, Mr. Lee learned that Mr. Rivers stipulated to the enhancement in the sentencing memorandum by way of a passing remark. App. 23 R. Doc. 81. The file also contained solid evidence that Mr. Lee's arson did not cause death. App. 78 R. Doc. 97, at 1. With this information, Mr. Lee filed a

Motion to Vacate Sentence on April 27, 2023. *Id*. The Government moved to dismiss the Motion to Vacate, arguing that it was time barred and that the start date was not the finality of the April 13, 2022 order but the earlier January 19, 2022 order. App. 84 R. Doc. 100. The district court granted the Government's motion to dismiss, App. 119 R. Doc. 103, and then denied Mr. Lee's subsequent Rule 59(e) motion for reconsideration. App. 141 R. Doc. 112.

## SUMMARY OF THE ARGUMENT

The district court erred when applying the timing limitation for post conviction relief by ruling that the sentencing judgment "became final" prior to a subsequent amendment. Finality does not set in until the appeal window lapses for an amended sentencing order adding restitution, according to the plain meaning of the statute, to Supreme Court case law interpreting the meaning of 'finality,' and to the most recent Circuit Court opinion squarely addressing this question.

## ARGUMENT

The standard of review is *de novo* for a dismissal of a 28 U.S.C. §2255 motion to vacate sentence. *United States v. Hernandez*, 436 F.3d 851, 855 (8th Cir. 2006). Underlying factual findings would be reviewed for clear error, *id*., but the key facts here are filing dates and not in dispute.

A federal prisoner may move to vacate or correct a sentence pursuant to 28 U.S.C. § 2255 for ineffective assistance of trial counsel. *See*, e.g., *Strickland v.*

*Washington*, 466 U.S. 668 (1984). Such motions are subject to strict one-year periods of limitation, which run from the latest of several dates. 28 U.S.C. § 2255(f)(1-4). For the purposes of this appeal, the date at issue is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Finality sets in at the expiration of the time for filing a certiorari petition, *Clay v. United States*, 537 U.S. 522, 527 (2003), which in district court is fourteen days from the issuance of the judgment. Fed.R. App. P. 4(b)(1)(A)(i).

Mr. Lee's Motion to Vacate should not have been dismissed, because it was filed within the one year deadline described in 28 U.S.C. § 2255(f)(1). The district court incorrectly calculated this one-year limitation period off of the initial sentencing order, not the amended sentencing order adding deferred restitution. A judgment of conviction is not *final* prior to its subsequent amendment.

## I. The plain text of the statute indicates that an initial order is not "final" if it will subsequently be amended.

A judgment of conviction has not 'become final' pursuant to 28 U.S.C. § 2255(f)(1), according to the plain meaning of 'finality," when that initial judgment is not yet in its permanent (final) form.

When interpreting the meaning of a statute, the first inquiry is "whether the language at issue has a plain and unambiguous meaning." *Roberts v. Sea-Land Services, Inc.*, 566 U.S. 93, 100 (2012) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). Reviewing courts should "look first to its language, giving

the words used their ordinary meaning." *Id*., quoting *Ingalls Shipbuilding, Inc. v. Director, Office of Workers' Compensation Programs*, 519 U.S. 248, 255 (1997).

"Final" has a plain and unambiguous meaning: "not to be altered or undone; coming at the end; being the last in a series." *Final*, *Merriam Webster Dictionary* https://www.merriam-webster.com/ dictionary/final (accessed on Nov. 10, 2024). Final in a legal context means "not requiring any further judicial action by the court that rendered judgment to determine the matter litigated; concluded." *Final*, *Black's Law Dictionary* (12th ed. 2024).

The initial Sentencing Judgment entered on January 19, 2022 was not the completed or last order; it was subject to a future alteration and required further judicial action to impose restitution. On April 13, 2024, this initial order was amended, evidencing that the initial order was not final.

For the purposes of direct appeals, the initial judgment and an amended judgment adding deferred restitution are sometimes considered separate appealable judgments. *Dolan v. United States*, 560 U.S. 605 (2010). Under that framework, "final" would most clearly refer to the second judgment, as "being the last in the series." *Final*, *Merriam Webster Dictionary*.

Courts construe "final" in line with these definitions as: "when the district court disassociates itself from the case, leaving nothing left to be done at the court of first instance save the execution of the judgment." *Clay v. United States*, 537

U.S. 522, 527 (2003). A district court has not disassociated itself from a case where it will subsequently amend an order.

The amended sentencing judgment was the district court's last and terminating action. The initial sentencing judgment leaving restitution unresolved was not "final" according to the plain meaning of that term.

**II.    A "final" judgment for the purpose of calculating time limitations in AEDPA is one that is no longer subject to appellate review.**

The judgment is not "final" until it is no longer appealable.

When calculating time limitations for post conviction relief under AEDPA, finality occurs when the time has expired for any further appeals or petitions for writs of certiorari:

> [F]inality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."

*Clay*, 537 U.S. at 527.

In *Clay*, the Supreme Court held that 'start date' of the one-year limitation in § 2255(f)(1) following an unsuccessful direct appeal is when the time for filing a petition for certiorari to the Supreme Court expires, not on the earlier date when the appellate court issues the mandate. *Id*. Finality depends on the availability of future appellate review. *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) (Defining finality as "when the availability of direct appeal to the state courts has been

exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.").

Importantly, in deferred restitution cases, a notice of appeal filed after the amended judgment may raise issues that were fully resolved by the initial order. *See*, e.g., *United States v. Gammell*, 932 F.3d 1175, 1177 (8th Cir. 2019) (appeal taken from *United States v. Gammell*, 2018 WL 2727547 (D. Minn. 2018), where defendant filed one notice of appeal that challenged issues in both the initial and amended sentencing orders). The initial sentencing order does not become final until the window has expired for appealing the amended judgment.

Events that reopen a window for a defendant to appeal a trial court decision also restart the one-year limitation for post conviction relief. *Jimenez v. Quarterman*, 555 U.S. 113 (2009).[1] In *Jimenez*, the Supreme Court held that when a state appellate court permits a defendant to file an out-of-time direct appeal, the "date on which the judgment became final" per 28 U.S.C. § 2244(d)(1)(A) becomes the date that the out-of-time appeal has been fully resolved. *Id*. at 121.

In the context of time limitations for AEDPA relief, the "settled understanding, which comports with the most natural reading of the statutory text,"

---

[1] *Jimenez* analyzed AEDPA's one-year period of limitation for petitions filed by state prisoners, while *Clay* and Mr. Lee filed petitions under the federal prisoner counterpart. A "uniform federal rule" applies to the one-year time limitation; courts interpret 28 U.S.C. § 2255(f)(1) and 28 U.S.C. § 2244(d)(1)(A) identically notwithstanding slight differences in verbiage. *Clay*, 537 U.S. at 531.

is that judgments are "final" when judgments are no longer "capable of modification" through appeals or petitions for certiorari. *Id*. at 119-20.

An amended judgment, which presents a new window of appealability, restarts "finality" in an analogous manner as an out-of-time appeal. The April 13, 2024 order could have been appealed, and such an appeal could have brought challenges to the original judgment as well. The sentencing judgment was thus not final until the window of appealability expired for the *amended* sentencing judgment, not the initial judgment. The existence of a window of appealability for the *amended* judgment evidences that the initial judgment was not the final one, according to the definition of finality which centers on the lapse of an opportunity for appeal.

The trial court in this case relied heavily on *Dyab v. United States*, 855 F.3d 919 (8th Cir. 2017) to conclude that "an amended judgment imposing restitution does not give rise to a new sentence or judgment for the purposes of Section 2255." App. 124 R. Doc. 103, at 6. However, *Dyab* did not address the impact of deferred restitution on finality or on AEDPA's time limitations–instead ruling that the defendant's third § 2255 petition was a prohibited "successive motion," and that the defendant's due process claim was not cognizable under § 2255. 855 F.3d at 922-23.

Here, the amended judgment of conviction reopened a window by which the entire judgment could be appealed, rendering the initial judgment no longer final, and moving the start date of the one-year period of limitation to April 27, 2024.

### III. The Tenth Circuit defines restitution as a component of, rather than distinct from, a sentence, and holds sentencing judgments to be final only after deferred restitution is added.

The Eighth Circuit has yet to squarely address the one-year AEDPA timing limitation in the context of an amended judgment adding restitution. Most recently, the Tenth Circuit answered this question, finding that the one year limitation is properly counted from the amended judgment adding restitution, not the initial judgment. *United States v. Anthony*, 25 F.4th 792, 799 (10th Cir. 2022). The Tenth Circuit reasoned that restitution is a *component of* and not distinct from sentencing: "a judgment of conviction becomes final for § 2255 purposes when there is no further avenue for direct appeal of any portion of the sentence, including restitution." *Id*. The Tenth Circuit also relies on the availability of an appeal as a metric for determining finality. *See* Section I, supra.

The *Anthony* opinion thoroughly reviews and disagrees with an earlier Ninth Circuit holding that the initial judgment in deferred restitution cases is 'final' prior to its subsequent amendment. *Id.* (reviewing *United States v. Gilbert*, 807 F.3d

1197 (9th Cir. 2015)). In scrutinizing and rejecting the *Gilbert* opinion, the Tenth

Circuit relies on Supreme Court precedent:

> The Supreme Court has consistently treated restitution as a component of the criminal sentence. In *Manrique v. United States*, for instance, the majority opinion begins with the following explanation: "Sentencing courts are required to impose restitution as part of the sentence for specified crimes." —— U.S. ——, 137 S. Ct. 1266, 1270, 197 L.Ed.2d 599 (2017) (emphasis added). Later in the opinion, the majority explains that when a court imposes a term of imprisonment but waits to impose restitution, there is no sentence until the court enters an amended judgment to include the "sentence of restitution." *Id*. at 1273.

> *Id*. at 797-98.

The Ninth Circuit notes that an initial judgment with deferred restitution is

*sufficient* as a "final judgment for *appellate purposes*," but goes on to extend this

principle to mean that the initial judgment is the *only* final judgment for both

appellate purposes and also habeas petitions. *Gilbert*, 807 F.3d at 1200.

*Gilbert* relies on a Second Circuit opinion that in fact explicitly endorses the

Tenth Circuit view–that the post-conviction "limitations period begins to run only

when the revised restitution order becomes final." *Gonzalez v. United States*, 792

F.3d 232, 233 (2d Cir. 2015). Even the Ninth Circuit agrees that a revised judgment

restarts the clock on the one-year AEDPA time limitation, *United States v. Colvin*,

204 F.3d 1221 (9th Cir. 2000), but considers restitution to be distinct from, rather

than a component of, sentencing. *Gilbert*, 807 F.3d at 1200.

Other Circuits do not agree with the Ninth Circuit's logic. The Second Circuit articulated the following test:

> Where a conviction is vacated and the cause is remanded for substantive proceedings, the new judgment is subject to renewed collateral attack under AEDPA. In contrast, where a trial court has only the ministerial task of entering a new judgment, the original judgment is the relevant judgment for habeas purposes.

*Gonzalez*, 792 F.3d at 236.

In applying this test to find that an amended judgment adding restitution restarts the AEDPA time limitation, the court noted that "[r]estitution is a serious component of criminal punishment, and calculating the restitution amount is hardly ministerial." *Id.*

Federal law also explicitly categorizes restitution as a component of a criminal sentence. 18 U.S.C. § 3664(o) ("[a] sentence that imposes an order of restitution is a final judgment"), 18 U.S.C. § 3664(o)(1)(B) (authorizing appeals for restitution orders along with other components of a criminal sentence), 18 U.S.C. § 3663(a)(1) (specifying that courts should order restitution "when sentencing a defendant"), 18 U.S.C. § 3614 (defining alterations to restitution as "resentencing"), 18 U.S.C. § 3611 (referring to restitution as a component of a sentence), 18 U.S.C. § 3663A(c)(3)(B) (referring to restitution as a component of a sentence), and 18 U.S.C. § 3556 ("The court, in imposing a sentence on a defendant who has been found guilty of an offense shall order restitution[.]").

Restitution is *part of* the sentence, as sentencing laws themselves make clear: 18 U.S.C. § 3351(b) "states that every sentence has a mandatory component and allows for restitution as part of a sentence when circumstances warrant it." *Anthony*, 25 F.4th at 797.

Basic filing nomenclature also reinforces the common understanding that restitution must be a component of a sentence, and thus of a judgment, because in delayed restitution cases the mechanism to impose restitution is to amend the judgment rather than to file a new, distinct judgment or a separate order. *See* Form AO 245B, Supp. R., Vol. 1 at 6–12 (the standardized judgment form used by federal courts, which prompts the court to enter restitution among other components of sentencing).

The Tenth Circuit finds that a judgment "becomes final" after no further appeals or petitions can be taken from the amended sentence adding deferred restitution, based on sound reasoning and the plain meaning of federal statutes.

## CONCLUSION

Because a judgment is only "final" when it is no longer subject to future amendments, the district court's dismissal of Mr. Lee's motion under 28 U.S.C. § 2255 should be overturned and the proceedings should be remanded for further fact finding. Mr. Lee filed his Motion to Vacate on April 27, 2023, which was timely. The start date for the one-year period of limitation in § 2255(f)(1) was April 27,

2022, after the 14 day window to appeal the April 13, 2022 amended sentencing judgment expired.

Dated this 21st day of November, 2024.

Respectfully submitted,

By: _____

KIRA A. KELLEY
MN Bar No. 0402932
P.O. BOX 7040
Minneapolis, MN 55407
(802) 683-4086
kira@climatedefenseproject.org

*Attorney for Montez Lee Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated this 21st day of November, 2024.

*/s/ Kira A. Kelley*
Kira A. Kelley, Esq.
*Attorney for Appellant Montez T. Lee, Jr.*

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document contains 3733 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Google Docs in 14-point Times New Roman font. The brief and the addendum have been scanned electronically for viruses, which scan confirmed that the materials submitted are virus-free.

Dated this 21st day of November, 2024.

*/s/ Kira A. Kelley*
Kira A. Kelley, Esq.
*Attorney for Appellant Montez T. Lee, Jr*