No. 24-2017
Civil

In the United States Court of Appeals
For the Eighth Circuit

MONTEZ TERRIEL LEE, JR.,
PETITIONER - APPELLANT,

V.

UNITED STATES OF AMERICA,
RESPONDENT - APPELLEE.

*Appeal from the*
*United States District Court for the*
*District of Minnesota*

**BRIEF OF APPELLEE**

LISA D. KIRKPATRICK
    *Acting United States Attorney*

KATHARINE T. BUZICKY
    *Assistant U.S. Attorney*

*U.S. Attorney's Office*
*District of Minnesota*
*404 U.S. Courthouse*
*316 North Robert Street*
*Saint Paul, MN 55101*
*(651) 848-1950*

Attorneys for Appellee

## SUMMARY OF THE CASE

Defendant Montez Lee pleaded guilty in the District of Minnesota to Arson on Property Used in Interstate Commerce and was sentenced to ten years' imprisonment in January 2022. About three months later, pursuant to a joint motion by the parties, the district court issued an amended judgment to add $842 in restitution. Lee did not appeal the original judgment or the amended judgment.

In April 2023, Lee moved to vacate his sentence under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. He claimed his motion was timely because it was filed within a year of the amended judgment becoming final. The district court dismissed his motion, finding that for the purposes of 28 U.S.C. § 2255(f)(1), the triggering event is the sentencing judgment, not a subsequent amended judgment.

This Court granted a certificate of appealability on the issue of whether the modification of Lee's sentencing judgment to impose restitution restarted the statute of limitations under § 2255(f)(1). The issues in this case are adequately addressed in the parties' briefs, and no oral argument is necessary.

# TABLE OF CONTENTS

SUMMARY OF THE CASE...................................................................i

TABLE OF AUTHORITIES ...............................................................iv

JURISDICTIONAL STATEMENT .......................................................1

STATEMENT OF THE ISSUES...........................................................2

STATEMENT OF THE CASE.............................................................3

I.     Factual Background. ...................................................................3

     A. Lee's Offense Conduct and Indictment.............................. 3

II.    Procedural History........................................................................4

     A. Plea and Sentencing.................................................... 4

     B. The Joint Motion Regarding Restitution .......................... 5

     C. Lee's Motion Under 28 U.S.C. § 2255.............................. 5

SUMMARY OF THE ARGUMENT ......................................................7

ARGUMENT.................................................................................. 11

I.     Lee's Judgment of Conviction Became Final 14 Days After It Was Issued, Irrespective of Further Proceedings Concerning Restitution ............................................................ 11

     A. Standard of Review..................................................... 11

     B. When a Defendant Does Not Pursue a Direct Appeal, the Criminal Judgment Becomes Final After the Period for Filing a Notice of Appeal Ends
..................................................................... 11

C. This Court's Decision in *Dyab* Compels the Conclusion that a Judgment Amended to Add Restitution Does Not Restart the One-Year Period Under § 2255(f)(1) ....................................................................... 14

D. Lee's Argument are Based on a Cramped Reading of Dictionary Definitions and a Misunderstanding of Procedure ....................................................................... 17

E. This Court should Follow the Ninth Circuit's Reasoning in *Gilbert* and Hold that a Judgment Amended to Include Restitution Does Not Restart the One-Year Statute of Limitations for § 2255 Motions ....................................................................... 20

CONCLUSION ........................................................................ 25

CERTIFICATE OF COMPLIANCE .................................... 26

# TABLE OF AUTHORITIES

Cases

*Anjulo-Lopez v. United States*, 541 F.3d 814 (8th Cir. 2008) ....... 11, 12

*Byers v. United States*, 561 F.3d 832 (8th Cir. 2009) .......................... 15

*Clay* v. *United States*, 537 U.S. 522 (2003) ........................................ 18

*Dolan* v. *United States*, 560 U.S. 605 (2010) .................... 12, 13, 23, 24

*Dyab v. United States*, 855 F.3d 919 (8th Cir. 2017) ................. passim

*E.J.R.E. v. United States*, 453 F.3d 1094 (8th Cir. 2006) .................. 11

*English v. United States*, 840 F.3d 957 (8th Cir. 2016) ..................... 12

*Gonzalez v. United States*, 792 F.3d 232 (2d Cir. 2015) .............. 21, 22

*Jimenez v. Quarterman*, 555 U.S. 113 (2009) ................................... 19

*Magwood v. Patterson*, 561 U.S. 320 (2010) ...................................... 20

*Manrique v. United States*, 581 U.S. 116 (2017) ........................ passim

*Moore v. United States*, 173 F.3d 1131 (8th Cir. 1999) ..................... 11

*Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005) . 12

*Paroline v. United States*, 572 U.S. 434 (2014) ................................. 22

*Pepper v. United States*, 562 U.S. 476 ............................................... 16

*Shephard v. United States*, 735 F.3d 797 (8th Cir. 2013) ................. 21

*Teague v. Lane*, 489 U.S. 288 (1989) .................................................. 23

iv

*United States v. Anthony*, 25 F.4th 792 (10th Cir. 2022) ............ 21, 22

*United States v. Balentine*, 569 F.3d 801 (8th Cir. 2009) .................. 23

*United States v. Bernard*, 351 F.3d 360 (8th Cir. 2003) .................... 20

*United States v. Brown*, 915 F.3d 1200 (8th Cir. 2019) .......... 12, 18, 20

*United States v. Campbell*, 971 F.3d 772 (8th Cir. 2020) ............ 14, 18

*United States v. Gammell*, 932 F.3d 1175 (8th Cir. 2019) ................ 19

*United States v. Gilbert*, 807 F.3d 1197 (9th Cir. 2015) ....... 2, 9, 20, 21

*United States v. Grimes*, 173 F.3d 634 (7th Cir. 1999) ...................... 23

*United States v. Zaic*, 744 F.3d 1040 (8th Cir. 2014) ........................ 23

Statutes

Title 18, United States Code, Section 844(i) ........................................ 3

Title 18, United States Code, Section 2259 ........................................ 24

Title 18, United States Code, Section 3231 .......................................... 1

Title 18, United States Code, Section 3582(b) ....................... 12, 14, 22

Title 18, United States Code, Section 3582(c) .................................... 16

Title 18, United States Code, Section 3664 ........................................ 24

Title 18, United States Code, Section 3664(d)(5) .............................. 24

Title 28, United States Code, Section 2255 ............................... passim

Title 28, United States Code, Section 2255(f)(1) ..................... i, 2, 7, 11

Title 28, United States Code, Section 2255(h) .................................... 15

Title 28, United States Code, Section 1291 .......................................... 1

Rules

U.S.S.G. §§ 2A1.2 .................................................................... 4

# JURISDICTIONAL STATEMENT

The district court had jurisdiction over Lee's original criminal case pursuant to 18 U.S.C. § 3231. The district court's order denying Lee's motion under 28 U.S.C. § 2255 was issued on October 10, 2023, and its order denying reconsideration was issued on April 26, 2024. Lee filed a timely notice of appeal on May 10, 2024. This Court, having granted a certificate of appealability, has jurisdiction over the appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).

# STATEMENT OF THE ISSUES

I.    Approximately fifteen months after his sentencing hearing, Montez Lee filed a motion to vacate his sentence under 28 U.S.C. § 2255. Lee claimed his motion was timely based on the date the judgment was amended to add restitution. The district court dismissed Lee's § 2255 motion as untimely, finding his judgment became final under 28 U.S.C. § 2255(f)(1) fourteen days after the entry of the judgment of conviction, not the amended judgment that added restitution. **Did the district court err in dismissing Lee's motion?**

*Manrique v. United States*, 581 U.S. 116 (2017)
*Dyab v. United States*, 855 F.3d 919 (8th Cir. 2017)
*United States v. Gilbert*, 807 F.3d 1197 (9th Cir. 2015)
28 U.S.C. § 2255(f)(1)

## STATEMENT OF THE CASE

### I.    Factual Background

#### A.    Lee's Offense Conduct and Indictment

Montez Lee participated in the arson of the Max-it Pawn Shop in Minneapolis in late May 2020. App. 1, R. Doc. 14.[1] Lee and others broke into the pawn shop, and Lee poured an accelerant around the property and lit it on fire. Supp. App. 152, R. Doc. 55, at 2, Gov't Add. 6. Two months later, while excavating the site, law enforcement recovered the body of a man, O.L.S., from the rubble. *Id.* A grand jury in the District of Minnesota charged Lee in August 2020 with Arson on Property Used in Interstate Commerce, in violation of 18 U.S.C. § 844(i). App. 1, R. Doc. 14.

---

[1] Citations to "App." and "Supp. App." refer to the parties' Joint Appendix and Joint Supplemental Appendix, respectively, and are followed by a page number. "Def. Add." and "Gov't Add." refer to the parties' addenda. "R. Doc." refers to the district court docket in 20-cr-168 (WMW/ECW). (Although the District of Minnesota generates a civil docket number for motions under 28 U.S.C. § 2255, no entries are actually docketed there.)

## II. Procedural History

### A. Plea and Sentencing

In July 2021, Lee pleaded guilty to the arson charge pursuant to a written plea agreement. Supp. App. 149, R. Doc. 55, Gov't Add. 5. The plea agreement memorialized the parties' differing views about whether O.L.S.'s death resulted from the arson, and, accordingly, whether a 14-level adjustment applied under U.S.S.G. §§ 2A1.2 and 2K1.4(c)(1). Supp. App. 153, R. Doc. 55, at 3, Gov't Add. 5.

Prior to sentencing, the government sought an evidentiary hearing at which it would present testimony of a medical examiner regarding O.L.S.'s death to prove the contested "death results" enhancement. Add. 3, R. Doc. 66, at 1. However, Lee withdrew his objection to the enhancement, so the issue become moot. Supp. App. 149. R. Doc. 77, at 2, Gov't Add. 1.

Lee appeared for sentencing in January 2022. The district court calculated his Guidelines range to be 235 to 240 months' imprisonment. App. 49, R. Doc. 95, at 5 (Sent. Tr.). The district court varied downward significantly, imposing a 120-month prison term. App. 63, R. Doc. 95, at 19.

At the sentencing hearing, the government alerted the district court that O.L.S.'s family had made a request for $842 in restitution for O.L.S.'s funeral expenses and asked the district court to defer the matter for a week. App. 75, R. Doc. 95, at 31. Lee did not object.

The district court entered judgment on January 19, 2022. App. 25, R. Doc. 82. The judgment ordered that restitution be deferred until January 28, 2022.  App. 30, R. Doc. 89, at 6. Lee did not appeal his sentence.

### B.    The Joint Motion Regarding Restitution

On January 24, 2022, less than a week after the district court's entry of judgment, the parties filed a joint motion to amend the judgment to reflect that Lee owed $842 in restitution for O.L.S.'s funeral expenses, just as the government stated at the sentencing hearing. App. 32, R. Doc. 91. The Court granted the parties' motion and amended the judgment accordingly on April 13, 2022. App. 35, R. Doc. 92; App. 38, R. Doc. 93. Lee did not appeal the amended judgment.

### C.    Lee's Motion Under 28 U.S.C. § 2255

On April 27, 2023, Lee filed a motion under § 2255 alleging ineffective assistance of counsel at sentencing, claiming his former attorney did not consult with him regarding withdrawal of the

objection to the "death results" enhancement. App. 78, R. Doc. 97. The government moved to dismiss his motion as untimely, arguing that the one-year statute of limitations for Lee's collateral attack began running on February 2, 2023 – one year and fourteen days after the district court issued the judgment (January 19, 2022). App. 87, R. Doc. 100, at 4. Lee asserted his motion was timely based on the date the district court issued the amended judgment to include restitution (April 13, 2022). App. 81, R. Doc. 97, at 4; App. 100-101, R. Doc. 101, at 8-9.

The district court granted the government's motion to dismiss Lee's motion based on the one-year statute of limitations. R. Doc. 103, at 8. The district court explained, "[f]or the purposes of § 2255(f)(1), the triggering event is the sentencing judgment, not the subsequent amended judgment ordering restitution., App. 124, R. Doc. 103, at 6, Def. Add. 6. Because "Lee directs his [collateral] attack toward his sentence, there is no reason to consider the separate amended judgment imposing restitution as the triggering date for challenging Lee's sentence." App. 125, R. Doc. 103, at 7, Def. Add. 7. The district court denied a certificate of appealability, but Lee appealed

nonetheless. *Id.*; App. 145, R. Doc. 113. This Court granted a limited certificate of appealability "on the issue of whether the modification of [Lee's] sentencing judgment to impose restitution restarted the statute of limitations under 28 U.S.C. § 2255(f)(1)." *Lee v. United States*, App. No. 24-2017, Entry ID 5441607.

## SUMMARY OF THE ARGUMENT

The district court correctly dismissed as untimely Montez Lee's motion to vacate his sentence, because amending a sentencing judgment to impose restitution does not restart the statute of limitations under 28 U.S.C. § 2255(f)(1). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year statute of limitations for such motions. The one-year clock begins to run, as relevant to this appeal, on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). If, as here, a defendant does not appeal the judgment of conviction, it becomes final when the time for filing a notice of appeal expires after the defendant is sentenced. Over many years, this Court has calculated the one-year period in just that fashion.

The fact that a district court later amends a judgment to add restitution does not change the method of calculating the one-year period under § 2255(f)(1), because the amended judgment is not a new "final judgment" for the purposes of that provision. Rather, as the Supreme Court explained in *Manrique v. United States*, 581 U.S. 116 (2017), that scenario generates two judgments, not one. *Manrique* makes clear that the original judgment constitutes a "final judgment" for appellate purposes. Therefore, it also triggers the one-year period under § 2255(f)(1).

The issue presented in this appeal is a matter of first impression, but this Court's earlier decision in *Dyab v. United States*, 855 F.3d 919, (8th Cir. 2017), compels the conclusion that an amended judgment does not generate a new final judgment for the purposes of § 2255(f)(1). In *Dyab*, this Court grouped amended judgments with sentence modifications and corrections, which do not restart the one-year period under § 2255(f)(1). *Dyab* contrasted amendments, modifications, and corrections to plenary resentencings, which do generate a new "final judgment" and restart the one-year period. *Dyab* demonstrates that most changes to a criminal judgment, including amending the

restitution portion of the sentence, have no effect on the calculation of time under § 2255(f)(1). Instead, the one-year period to file a § 2255 motion is tied to the date of the original judgment in the criminal case, or a judgment issued after a plenary resentencing. This Court should apply the reasoning in *Dyab* to Lee's appeal and affirm the district court's dismissal of Lee's § 2255 motion.

Lee's arguments to the contrary lack merit. They are based on dictionary definitions of the term "final" and a misunderstanding of the record in another criminal appeal. They provide no basis for this Court to disturb its time-tested method of calculating the statute of limitations for § 2255 motions.

As Lee notes in his brief, a circuit split has arisen on this issue. The Ninth Circuit has held that "when a judgment imposes a sentence but leaves the amount of restitution to be determined, the one-year statute of limitations to file a § 2255 motion does not restart when the specific amount of restitution is later entered." *United States v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015). The Second and Tenth Circuits have reached the contrary conclusion, holding that the one-year clock starts after restitution is decided and an amended judgment

is issued. This Court should adopt the reasoning of the Ninth Circuit, which hews to the Supreme Court's opinion in *Manrique* and this Court's own precedent.

Adopting the Second and Tenth Circuits' reasoning has the potential to apply to defendants the procedural flexibility inherent in criminal restitution matters. This Court should decline to do so, because that flexibility is designed to benefit crime victims, not defendants. Further, it could undermine the important principle of finality in criminal matters, because restitution orders can be revisited over time. For example, under the Second and Tenth Circuits' precedent, if a sentencing court amends a judgment to change a restitution amount based on a victim's discovery of further losses, the defendant receives a new opportunity to mount a collateral attack on his sentence from the resulting new "final judgment."

For all these reasons, Court should affirm the district court's judgment and reject Lee's arguments in favor of changing this Court's calculation of the one-year period under § 2255(f)(1).

# ARGUMENT

I. **Lee's Judgment of Conviction Became Final 14 Days After It Was Issued, Irrespective of Further Proceedings Concerning Restitution.**

A. **Standard of Review**

This Court reviews de novo a district court's dismissal of a § 2255 motion based on the statute of limitations. *E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006).

B. **When a Defendant Does Not Pursue a Direct Appeal, the Criminal Judgment Becomes Final After the Period for Filing a Notice of Appeal Ends.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year statute of limitations on motions by prisoners seeking to vacate their sentences. 28 U.S.C. § 2255(f)(1). The one-year clock begins to run, as relevant to this appeal, on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A motion filed outside of that one-year limit is dismissed as untimely when the government raises the statute-of-limitations defense. *See Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999).

If, as here, a defendant does not appeal the judgment of conviction, the judgment becomes final when the time for filing a notice of appeal expires after the defendant is sentenced. *Anjulo-Lopez*

*v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). For decades, this Court has calculated the statute of limitations in that fashion. *Never Misses a Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005) (explaining defendant's conviction became final after the period for filing appeal lapsed); *Anjulo-Lopez*, 541 F.3d at 816 n.2 (same); s*ee also English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (explaining that because the defendant did not appeal "his conviction became final" after the period to do so expired). This is because "[f]or a § 2255 motion, 'it is well established that the sentence is the judgment.'" *United States v. Brown*, 915 F.3d 1200, 1202 (8th Cir. 2019) (quoting *Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017)). "Notwithstanding the fact that a sentence to imprisonment can subsequently be" modified, corrected, and/or appealed, "a judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment *for all other purposes*." 18 U.S.C. § 3582(b) (emphasis added).

Criminal judgments can be, and frequently are, amended to add restitution. That fact does not change the calculation of the one-year statute of limitations under § 2255(f)(1). In *Dolan* v. *United States*, 560

U.S. 605 (2010), a case involving restitution under the Mandatory Victim Restitution Act (MVRA), the Supreme Court explained that it did not "accept the . . . premise . . . that a sentencing judgment is not 'final' until it contains a definitive determination of the amount of restitution," and noted that there were "strong arguments" for rejecting such an argument. *Id.* at 617. The Supreme Court observed that courts of appeal regularly allow defendants to appeal from judgments of conviction where the exact amount of restitution has not been set, and then to appeal separately from the "later order setting forth the final amount of restitution." *Id.* 618. The Supreme Court elected, however, to leave resolution of the finality question "for another day." *Id.*

Seven years later, the Supreme Court resolved the question of finality it left open in *Dolan.* In *Manrique v. United States*, 581 U.S. 116 (2017), the Court held deferred restitution cases generate *two* appealable judgments, not one. *Id.* at 122. Therefore, sentencing courts retain jurisdiction to order restitution despite a defendant's appeal of the sentencing judgment, and an amended judgment ordering restitution is a separately appealable judgment. *Id.* at 121-

22. *Manrique* made clear that an appeal of the sentencing judgment is not "sufficient to invoke appellate review of the later-determined restitution amount." *Id.* at 118. Under *Dolan*, *Manrique*, and 18 U.S.C. § 3582(b), a criminal judgment that leaves open the issue of restitution is nonetheless a "final judgment" for the purposes of § 2255(f)(1).

The possibility that the judgment could be amended to add restitution does not afford the defendant extra time to pursue a direct appeal or any discretion about which judgment must be challenged in an appeal of his conviction or prison term. *United States v. Campbell*, 971 F.3d 772, 774 (8th Cir. 2020). Rather, the original judgment marks the start of the 14-day period to file a notice of appeal under Federal Rule of Appellate Procedure 4(b). "Rule 4(b)'s timeliness requirements are inflexible and assure relief to a party properly raising them." *Campbell*, 971 F.3d at 773 (brackets and quotation omitted).

### C. This Court's Decision in *Dyab* Compels the Conclusion that a Judgment Amended to Add Restitution Does Not Restart the One-Year Period Under § 2255(f)(1).

This Court has not yet addressed a claim that a judgment amended to add restitution is a new "final" judgment that changes start date of the one-year calculation under § 2251(f)(1). However, the

Court has decided analogous issues twice before. First, in *Byers v. United States*, 561 F.3d 832, 835 (8th Cir. 2009), the Court held that a sentence modification for substantial assistance under Rule 35(b) did not generate a new "judgment of conviction" that would restart the one-year deadline for filing a § 2255 motion.

Then, in *Dyab v. United States*, 855 F.3d 919 (8th Cir. 2017) the Court applied similar reasoning to an amended judgment, a process distinct from the modification at issue in *Byers*. In that case, the district court amended defendant Dyab's restitution order to reflect that a co-conspirator was jointly and severally liable for restitution. *Id.* at 921. Dyab then attempted to file a successive § 2255 motion claiming "actual innocence," and arguing the statutory provision for seeking approval to file a successive motion under 28 U.S.C. § 2255(h) did not apply to him because he was "challenging a new, intervening judgment that resulted from the district court's modification of the restitution obligation." *Id.* at 922-23. This Court rejected Dyab's characterization of the amended judgment, explaining "[n]ot every change to a judgment results in a new sentence or judgment that wipes clean the slate of post-conviction motions previously filed." *Id.*

In so doing, *Dyab* explicitly linked amended judgments to sentence modifications under 18 U.S.C. § 3582(c) and corrections under Rule 36 and distinguished them from "a plenary resentencing proceeding." *Id.* at 923. None of those changes "justify disregarding prior § 2255 motions in the 'second or successive' calculus" in the way a resentencing does.[2] This is because a plenary resentencing is a unique procedure, distinct from changes to a criminal judgment. *E.g. Pepper v. United States*, 562 U.S. 476, 49-91 (2011) (distinguishing between plenary resentencings and sentence modifications). Therefore, most changes to a criminal judgment, including amendments to the judgment, have no effect on the calculation of time under § 2255(f)(1). Instead, the one-year period to file a § 2255 is tied to the date of the original judgment in the criminal case or the judgment that issues after a resentencing. This Court should apply

---

[2] It is also worth noting that, like *Dyab*, the amended judgment in this case did not involve "substantive proceedings that adjudicated [the defendant's] guilt or determined the appropriate punishment." *Dyab* at 923. Here, the government stated the amount of restitution on the record at sentencing, and the subsequent joint motion to amend simply formalized what the parties already knew about the dollar value. Therefore, the district court did not "alter the amount of [Lee's] restitution or otherwise change [his] sanction" by amending the judgment. *Id.*

that same reasoning to Lee's appeal and affirm the district court's dismissal of Lee's § 2255 motion.

**D. Lee's Arguments Are Based on a Cramped Reading of Dictionary Definitions and a Misunderstanding of Procedure.**

This Court should reject Lee's effort to change the one-year calculation under § 2251(f)(1). His argument is inconsistent with *Manrique* and this Court's precedent in *Never Misses a Shot*, *Anjulo-Lopez*, *Byers*, and *Dyab*. Yet his arguments for such a dramatic change to precedent rest mainly on various dictionary definitions of "final": "not to be altered or undone, coming at the end; being the last in the series." Def. Br. 7 (quoting *Merriam Webster Dictionary*, "Final"). He argues that a sentencing court "has not disassociated itself from a case where it will subsequently amend an order," and that a judgment amended to add restitution is the "last in the series," so it is "final" for the purposes of § 2255(f)(1). Def.'s Br. 8, 7. His framing does not account for the many ways judgments can altered, becoming the "last in a series," without restarting the one-year period under § 2255(f)(1). These include, at a minimum, the amendment at issue in *Dyab* (joint-and-several liability for restitution) and the Rule 35(b) modification in

*Byers*, as well as corrected judgments under Rule 36. *See Brown*, 915 F.3d at 1203. All such changes would be the "last in a series," but this Court has disallowed restarting the one-year period under § 2255(f)(1) as to all of them. A dictionary definition, then, simplifies the matter artificially and is not useful for the issue before this Court. After all, "[f]inality is variously defined; like many legal terms, its precise meaning depends on context." *Clay* v. *United States*, 537 U.S. 522, 527 (2003).

Lee also asserts, without any citation to authority, that "a notice of appeal filed after the amended judgment may raise issues that were fully resolved by the initial order," and Lee's "amended judgment of conviction reopened a window by which the entire judgment could be appealed, rendering the initial judgment no longer final . . . ." Def.'s Br. 9, 11. That is incorrect. In fact, defendants must file a notice of appeal of the original judgment to challenge a conviction and/or prison term, and a separate notice of appeal to challenge any changes made pursuant to the amended judgment, such as restitution. *Campbell*, 971 F.3d at 773-74; *Manrique*, 581 U.S. at 118, 121-22.

Lee's inaccurate claim about the appealability of amended judgments is based solely on a misreading of the procedural history of *United States v. Gammell*, 932 F.3d 1175 (8th Cir. 2019). He claims that the defendant in that case was able to appeal both his sentence and restitution order from one notice of appeal. Def.'s Br. 9. Unfortunately, Lee misunderstands the record in *Gammell*. In fact, defendant Gammell filed two timely notices of appeal, one following the entry of judgment and one following the amended judgment that issued when the district court decided restitution. *See United States v. Gammell*, 17-cr-134 (WMW/DTS), Docket Entries 122 (notice of appeal of judgment), 133 (notice of appeal of amended judgment and restitution order). This Court then ordered the two appeals, App. Nos. 18-2211 and 18-2692, to be consolidated. *Gammell*, 932 F.3d at 1177 (describing appeal as "consolidated").

Lee also claims that "events that reopen a window for a defendant to appeal [a judgment] also restart the one-year limitation for post-conviction relief." Def.'s Br. 9 (citing *Jimenez v. Quarterman*, 555 U.S. 113 (2009)). That statement is true, but it does not help Lee's case. As this Court explained in *Brown*, "[a] § 2255 petition

challenging a new sentence is not successive." *Brown*, 915 F.3d at 1201

(citing *Magwood v. Patterson*, 561 U.S. 320, 339, 341-42 (2010)). So, as

explained above, when a defendant is resentenced the appeal window

reopens and the § 2255 statute of limitations restarts as well. But

following *Dyab*, amended judgments should not be grouped with

plenary resentencings. For all these reasons, this Court should reject

Lee's arguments in favor of changing this Court's calculation of the

one-year period under § 2255(f)(1).

**E.    This Court Should Follow the Ninth Circuit's Reasoning in *Gilbert* and Hold that a Judgment Amended to Include Restitution Does Not Restart the One-Year Statute of Limitations for § 2255 Motions.**

As Lee indicates in his brief, a circuit split has developed on this

issue. The Ninth Circuit has held that "when a judgment imposes a

sentence but leaves the amount of restitution to be determined, the

one-year statute of limitations to file a § 2255 motion does not restart

when the specific amount of restitution is later entered." *United States*

*v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015). The Ninth Circuit is

similar to this Circuit in "that restitution cannot be challenged

through a § 2255 motion." *Id.*; *United States v. Bernard*, 351 F.3d 360,

361 (8th Cir. 2003); *Shephard v. United States*, 735 F.3d 797, 798 (8th Cir. 2013) (per curiam). *Gilbert* is also procedurally similar to Lee's case – both defendants pleaded guilty, leaving open the issue of restitution. *Id.* at 1198-99. Neither pursued a direct appeal, and both filed a § 2255 motion after the statute of limitations under § 2255(f)(1) expired. *Id.*

The Second and Tenth Circuits have reached the contrary conclusion, holding that the one-year clock starts after restitution is decided and an amended judgment is issued. Most recently, the Tenth Circuit explained that "[i]f any part of the sentence – including restitution – has not been finalized, then the judgment of conviction is not final." *United States v. Anthony*, 25 F.4th 792, 800 (10th Cir. 2022). The Second Circuit took a similarly permissive approach, holding a defendant is "free to await" the district court's determination of restitution "before deciding whether to file a § 2255 motion and deciding what claims to include in the motion." *Gonzalez v. United States*, 792 F.3d 232, 237 (2d Cir. 2015).[3]

---

[3] The decisions in *Anthony* and *Gonzalez* do not hinge on whether restitution may be challenged in a collateral attack. The Second and Tenth Circuits differ on whether a defendant may challenge

This Court should follow the Ninth Circuit's reasoning in *Gilbert* and hold that a judgment that leaves open restitution does not disrupt the calculation of the § 2255(f)(1) statute of limitations. First, *Gilbert* is consistent with the holding in *Manrique* and 18 U.S.C. § 3582(b)'s definition of a sentence of imprisonment as a "final judgment." Further, *Gilbert* tracks this Court's calculation of the one-year period in *Never Misses a Shot* and *Anjulo-Lopez*.

Lee's arguments for taking the Second and Tenth Circuits' approach seem to assume the government does not view restitution as part of a criminal sentence. Def.'s Br. 11-14. In fact, there is no disagreement about that issue. Rather, the government recognizes that restitution is unique among the components of a sentence because of its focus on victims. Restitution has a "primary goal" that is "remedial or compensatory" for victims and additional "punitive purposes" for the defendant. *Paroline v. United States*, 572 U.S. 434, 456 (2014). Because restitution is unique, special procedures have developed in statute and precedent, including additional time to

---

restitution in a motion filed under § 2255. In the Second Circuit, defendants may do so in some circumstances. *Gonzalez*, 792 F.3d at 237. In the Tenth, they may not. *Anthony*, 25 F.4th at 802.

determine the amount of restitution necessary. *Dolan*, 560 U.S. at 613-16.

But the flexibility afforded courts in determining restitution, *United States v. Zaic*, 744 F.3d 1040, 1042-44 (8th Cir. 2014), must benefit victims of crime, not defendants seeking additional time to challenge their sentences. *Dolan* emphasized that restitution "is *primarily* designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability." *Dolan*, 560 U.S. at 613 (emphasis in original). This Court has similarly held that "[t]he 'intended beneficiaries' of the MVRA's procedural mechanisms 'are the victims, not the victimizers.'" *United States v. Balentine*, 569 F.3d 801, 806 (8th Cir. 2009) (quoting *United States v. Grimes*, 173 F.3d 634, 639 (7th Cir. 1999)). The Second and Tenth Circuit's approach conflicts with *Paroline* and *Balentine* by applying the procedural flexibility of restitution to defendants, instead of maintaining a focus on victims of crime.

Tying the statute of limitations in § 2255(f)(1) to restitution also has the potential to undermine "the principle of finality which is essential to the operation of our criminal justice system," *Teague v.*

*Lane*, 489 U.S. 288, 309 (1989), because restitution issues can be revisited repeatedly over many years. For example, the MVRA's procedural provision, 18 U.S.C. § 3664, allows a victim to present "further losses" to a sentencing court if the victim can show "good cause for the failure to include such losses in the initial claim for restitutionary relief." 18 U.S.C. § 3664(d)(5). Such victims may approach a sentencing court "a month, a year, or 10 years after entry of the original judgment," and the court can, if appropriate, re-open restitution and issue an amended judgment. *Dolan*, 560 U.S. at 620. Because the statute rightly allows victims this opportunity, the rule of *Anthony* and *Gonzalez* would allow certain defendants – those who commit crimes that require restitution to be paid under the MVRA – to make new collateral attacks on their sentences years after sentencing based on the victim's discovery of new losses. In contrast, defendants who were not liable for restitution, or whose restitution is governed by different statutes,[4] would have a single opportunity to mount a collateral attack before the gatekeeping rules for second-or-

---

[4] For example, restitution in federal child exploitation cases is governed by 18 U.S.C. § 2259.

successive § 2255 motions take over. This approach disregards the importance of finality, so for that reason too the Court should decline to follow the Second and Tenth Circuit's approach to § 2255(f)(1).

## CONCLUSION

For all the foregoing reasons, the district court's judgment should be affirmed.

Respectfully submitted,

Dated:  February 19, 2025

LISA D. KIRKPATRICK
Acting United States Attorney


/s/ *Katharine T. Buzicky*
By: KATHARINE T. BUZICKY
Assistant U.S. Attorney
Attorneys for Appellee

# CERTIFICATE OF COMPLIANCE

The undersigned attorney for the United States certifies this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32. The brief has 4,542 words, proportionally spaced using Century Schoolbook, 14-point font. The brief was prepared using Microsoft Word 365. The undersigned attorney also certifies that the brief has been scanned for viruses and, to the best of our ability and technology, believes it is virus-free.

Respectfully submitted,

Dated: February 19, 2025

LISA D. KIRKPATRICK
Acting United States Attorney

*/s/ Katharine T. Buzicky*
By: KATHARINE T. BUZICKY
Assistant U.S. Attorney
Attorneys for Appellee