**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

No. 24-2017

---

MONTEZ TERRIEL LEE, JR.,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA

Respondent - Appellee.

---

*Appeal from the United States Court*
*for the District of Minnesota*
No. 0:20-cr-00168

---

# REPLY BRIEF OF APPELLANT

---


Kira Aakre Kelley, Esq.
Climate Defense Project
P.O. Box 7040
Minneapolis, MN 55407
Phone: (802) 683-4086
kira@climatedefenseproject.org

*ATTORNEY FOR MONTEZ T. LEE, JR.*

**TABLE OF CONTENTS**

Page(s)

Table of Authorities ....................................................................................ii

Argument..........................................................................................................1

I. A sentencing order is final for the purposes of calculating 28 § U.S.C. 2255(f)(1) when it can no longer be appealed, even if direct appeals could have been taken from earlier versions of the order ............................ 1

A. Many Circuits construe Supreme Court precedent to hold that a Defendant may wait until after an amended judgment adding deferred restitution has been entered before appealing the entire sentence ............ 2

B. The standard for when a Defendant *may* permissively file an appeal does not define when the underlying preceding is final ............................ 6

II. Concerns of gamesmanship are unfounded where the statutory scheme intends for the latest in a series of events to determine finality, and where amendments to add restitution are outside defendants' control ......... 8

Conclusion........................................................................................... 11

Certificate of Service.............................................................................. 12

Certificate of Compliance........................................................................ 13

## TABLE OF AUTHORITIES

### United States Supreme Court Cases

*Corey v. United States*, 375 U.S. 169 (1963) .................................................... 3, 5

*Dolan v. United States*, 560 U.S. 605 (2010)..................................................... 7-8

*Jimenez v. Quarterman*, 555 U.S. 113 (2009)...................................................... 10

*Manrique v. United States*, 581 U.S. 116 (2017)............................................ 4, 7-8

### United States Court of Appeals Cases

*Dyab v. United States*, 855 F.3d 919 (8th Cir. 2017).............................................. 7

*Gonzalez v. United States*, 792 F.3d 232 (2d Cir. 2015).......................................... 3

*Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005) ...................... 7

*United States v. Anthony*, 25 F.4th 792 (10th Cir. 2022).................................... 3, 5

*United States v. Brown*, 855 F.3d 919 (8th Cir. 2017) ........................................... 8

*United States v. Campbell*, 971 F.3d 772 (8th Cir. 2020) ...................................... 4

*United States v. Gammell*, 932 F.3d 1175 (8th Cir. 2019).......................................1

*United States v. Muzio*, 757 F.3d 1243 (11th Cir. 2014) ........................................ 3

*United States v. Shehadeh*, 962 F.3d 1096 (9th Cir. 2020) ................................. 3, 5

### United States Code

18 U.S.C. § 3582(b) ............................................................................................. 8

18 U.S.C. § 4208(b) ............................................................................................. 5

28 U.S.C. §2255 ..........................................................................................passim

# ARGUMENT

The one-year time limitation to file a habeas petition begins to run when the time for filing a direct appeal of the judgment of conviction expires. In cases where judgments are amended to add deferred restitution, the entire judgment may be appealed at any point until fourteen days from this amendment, at which point if no appeal is taken the judgment becomes final under 28 § U.S.C. 2255(f)(1) and the one year time limitation begins. Mr. Lee's position is consistent with both the plain text of 28 § U.S.C. 2255(f)(1) and the general rule—conceded by the Government—that events that reopen a window for a defendant to appeal a judgment restart the one-year limitation for post-conviction relief. Applying this general rule here does not allow for gamesmanship or manipulation by defendants, as only victims—not defendants—are entitled to seek amendments to judgments that add deferred restitution following initial sentencing proceedings.

## I. A sentencing order is final for the purposes of calculating 28 § U.S.C. 2255(f)(1) when it can no longer be appealed, even if direct appeals could have been taken from earlier versions of the order.

An initial sentencing order does not become final so as to trigger the time-bar provision of 28 § U.S.C. 2255(f)(1) until the window has expired for appealing an amended sentencing order, even if the initial sentencing order may also have been appealable prior to its amendment. Aside from the one minority circuit case in the current split on this issue, none of the Government's cases

dispute this. The Government's reliance on misconstrued authorities clouds the clarity that the statute itself provides. However, these very cases show that a sentence is "final" for the purposes of 28 § U.S.C. 2255(f)(1) only upon the expiration of the defendant's final opportunity to appeal the underlying sentencing order.

Critically, the Government concedes that events that reopen a window for a defendant to appeal a judgment restart the one-year limitation for post-conviction relief. Govt.'s Br. 19. *See also* Govt.'s Br. at 11-12 (collecting authorities holding that a judgment becomes final for 28 § U.S.C. 2255(f)(1) purposes upon expiration of the window to notice an appeal). It necessarily follows that if amending a judgment to add restitution reopens the window to file a direct appeal, the amended judgment is the trigger for the 28 § U.S.C. 2255(f)(1) time-bar.

**A. Many Circuits construe Supreme Court precedent to hold that a Defendant may wait until after an amended judgment adding deferred restitution has been entered before appealing the entire sentence.**

While counsel is unaware of any Eighth Circuit cases directly on point[1], the Second, Ninth, Tenth, and Eleventh Circuits all recognize that in cases of deferred restitution, a defendant may defer taking a direct appeal from a judgment and

[1] The Government correctly points out that *United States v. Gammell*, 932 F.3d 1175 (8th Cir. 2019), cited in Mr. Lee's opening brief, does not address the situation presented here.

conviction until entry of the amended judgment including restitution. *See*, e.g., *United States v. Shehadeh*, 962 F.3d 1096 (9th Cir. 2020); *United States v. Muzio*, 757 F.3d 1243, 1250 (11th Cir. 2014) ("The Supreme Court has . . . recognized that if the defendants chooses to do so, he may avoid bifurcation of his appeal by waiting until restitution has been resolved to appeal.") (citing *Corey v. United States*, 375 U.S. 169, 174 (1963)); *United States v. Anthony*, 25 F.4th 792, 803-04 (10th Cir. 2022) (quoting *Shehadeh*, 962 F.3d at 1099 and *Muzio*, 757 F.3d at 1250); *Gonzalez v. United States*, 792 F.3d 232, 237 (2d Cir. 2015) (citing *Corey*, 375 U.S. at 174-75 and *Muzio*, 757 F.3d at 1249-50).

The Ninth Circuit articulates this widely held opinion clearly:

> [W]here a district court defers its restitution order, a defendant wishing to appeal his conviction and sentence of imprisonment may enter a notice of appeal *either* within fourteen days following the district court's entry of the custodial sentence, *or* within fourteen days of the entry of the amended judgment, which includes the amount of restitution.
>
> *Shehadeh*, 962 F.3d at 1099 (emphasis in original).

The Government, on the other hand, fails to offer any precedent supporting its position that "defendants must file a notice of appeal of the original judgment to challenge a conviction and/or prison term, and a separate notice of appeal to challenge any changes made pursuant to the amended judgment, such as

restitution." Govt.'s Brief 18. The Government invokes two cases purportedly supporting this proposition, neither of which actually do so upon inspection.

First, the Government cites *United States v. Campbell*, wherein this Court found that an amendment to the original judgment to include additional case numbers did not reset the deadline to file a notice of appeal. 971 F.3d 772, 773-74 (8th Cir. 2020). *Campbell* is readily distinguishable from the instant matter. In that case, "the amended judgment did not disturb or revise legal rights and obligations, because it did not make a material change." *Id.* at 774. *Campbell* is best read as supporting the proposition that mere ministerial amendments to a judgment, which do not substantively alter the sentence previously imposed, do not reset the clock for appeal. But *Campbell* tells us nothing about the effect of substantive amendments to the judgment, such as the deferred imposition of a sentence of restitution at issue here.

Second, the Government cites *Manrique v. United States*, 581 U.S. 116 (2017). But while *Manrique* recognizes that a pre-restitution initial judgment is a "final judgment" for appellate purposes from which a defendant is *allowed* to appeal, it neither holds nor suggests that a defendant is *required* to pursue multiple

piecemeal appeals in deferred restitution cases. In fact, to the extent the *Manrique* Court weighed in on the issue, it suggested the opposite by 1) stating that a court is "*declining* to announce a sentence" when it defers imposition of restitution and 2) affirming the continued vitality of the holding in *Corey v. United States*, 375 U.S. 169, 176 (1963) that a defendant may wait to challenge a conviction by filing a single notice of appeal after a deferred sentence has been imposed following a conviction and an initial commitment under 18 U.S.C. § 4208(b). *See Manrique*, 581 U.S. at 121, 122 n. * (emphasis in original).

Notably, both the Ninth and Tenth Circuits considered this very question subsequent to *Manrique*, and both concluded that defendants may elect to defer appeals of their convictions and sentences pending a final judgment including deferred restitution. *See Shehadeh*, 962 F.3d at 1099-1100; *Anthony*, 25 F.4th at 803-04. The Ninth and Tenth Circuits both agree that the Government's proposed rule requiring piecemeal appeals "would be inefficient, and is required neither by *Manrique* nor by the Federal Rules of Appellate Procedure." *Anthony*, 25 F.4th at 804 n. 13 (quoting *Shehadeh*, 962 F.3d at 1100 n.2).

This Court should reject the Government's unsupported assertion that criminal defendants are required to appeal prior to imposition of restitution in deferred restitution cases. Following the well-reasoned opinions of the Second, Ninth, Tenth, and Eleventh Circuits, this Court should instead find that defendants may elect to appeal a judgment of conviction within fourteen days of the entry of an amended judgment including restitution.

Following this conclusion, a straightforward application of the rule that a sentence is "final" within the meaning of 28 § U.S.C. 2255(f)(1) upon expiration of a defendant's right to appeal the judgment of conviction is all that is needed to resolve this case. Mr. Lee's conviction became final on April 28, 2022, fifteen days after the entry of the amended judgment of conviction took effect—i.e., the day that Mr. Lee's right to a direct appeal of the underlying judgment of conviction expired. Therefore, his 28 § U.S.C. 2255 motion was timely.

### B. The standard for when a Defendant *may* permissively file an appeal does not define when the underlying preceding is final.

The Government attempts to inject confusion into finality by collapsing the distinction between when a defendant may file a direct appeal and when a judgment becomes final for the purposes of 28 § U.S.C. 2255(f)(1). Govt. Br. 17.

In fact, *Manrique*, *Dolan*, *Never Misses a Shot*, *Anjulo Lopez*, *Byers*, and *Dyab* all comport with the premise that while finality initially attaches when a sentence is entered, it then shifts to the ultimate judgment should the trial court amend the initial sentence.

*Never Misses a Shot v. United States* held that a trial court judgment remains final notwithstanding a pending habeas challenge. 413 F.3d 781 (8th Cir. 2005). *Dyab* did not address finality for the purposes of the § 2255(f)(1) time limitation, but instead held that an amendment to a judgment correcting the names and addresses of certain restitution payees is not a *new* final judgment that would permit a second or successive habeas petition. *Dyab v. United States*, 855 F.3d 919, 923-24 (8th Cir. 2017) (finding that where the amended sentence "did not alter the amount of Dyab's restitution obligation or otherwise change Dyab's sanction," the amendment was "not sufficient to create a new sentence or judgment that would permit Dyab to file a successive § 2255 motion."). The standard for a "new" sentence so as to justify a successive habeas petition is not the same as the standard for a "final" sentence which triggers the one-year limitation in § 2255(f)(1), but even still the *Dyab* court distinguishes insignificant changes to a sentencing order from amendments adding restitution. *Id*.

*Dolan v. United States* addressed the trial court's ability to impose restitution after a statutory timeline had lapsed, and suggested in dicta that a judgment that

left open the amount of restitution might be final for the purposes of a direct appeal. 560 U.S. 605 (2010). *Manrique* solidified this dicta, holding that an amended judgment adding deferred restitution replaces an initial, immediately appealable final judgment with a second, ultimate final judgment. 581 U.S. at 121.

A judgment of conviction is a final judgment, but this judgment can subsequently be modified, corrected, and/or appealed. Govt.'s Br 12, citing 18 U.S.C. § 3582(b). And if a judgment is subsequently modified, what was once final is no longer final but instead is replaced by the modified order. The reason that the Eighth Circuit denied the petitioner's habeas in *United States v. Brown* following an amended sentencing order was that the amended sentencing order did not actually change the sentence–implying that a change in the sentence *would* create a shift in what order is considered "final" and would reset the one-year period of limitations in § 2255(f)(1). 855 F.3d 919 (8th Cir. 2017).

The Government concedes that restitution is a component of the sentence. Govt.'s Br. at 22. The Government also notes that "the sentence is the judgment" for the purposes of a 2255 motion. *Id*., citing *United States v. Brown*, 915 F.3d 1200 (8th Cir. 2019). Thus, regardless of timing provisions applicable to direct appeals, in the habeas context the judgment is not final until restitution is final.

## II. Concerns of gamesmanship are unfounded where the statutory scheme intends for the latest in a series of events to determine finality, and where amendments to add restitution are outside defendants' control.

The Government encourages this Court to find that the one year limitation in 2255(f)(1) begins *prior* to the point at which the trial court has divested itself from the case, and prior to the point at which a defendant is, generally, no longer represented by trial counsel.

The plain text of 28 U.S.C. § 2255(f) indicates that courts should use the latest relevant date in a proceeding to calculate the cutoff for a habeas corpus claim. Under 28 U.S.C. § 2255(f), a one-year period of limitation "shall run from the latest of" four potential occurrences. By tethering the period of limitation to the last date on which one of these four events occur, the statute provides that later developments should be included, not excluded, when calculating the limitations period. This is particularly true where, as here, the Defendant has not contributed at all to the delay in entry of the final judgment of conviction, and thus cannot be accused of gamesmanship. A finding that the judgment of conviction becomes final when the last part of the judgment becomes final aligns with the overarching scheme laid out in § 2255(f), in addition to the plain meaning of the word final.

Finally, Mr. Lee offers a brief note on the Government's policy arguments. Perhaps recognizing the weakness of its position as a matter of plain text analysis, the Government professes its concern that adopting the majority position adhered

to by the Second and Tenth Circuits would have "the potential to apply to defendants the procedural flexibility inherent in criminal restitution matters" and "undermine . . . finality . . . because restitution orders can be revisited over time." Govt.'s Br. at 10; *see also* Govt.'s Br. at 23-24. Of course, the role of this Court is to interpret § 2255(f)(1) as written, taking due account of Supreme Court precedents that provide guidance on the issue, and not to engage in policy-making or freestanding interest balancing that prioritizes finality concerns over statutory text. *See Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009) (unanimously rejecting respondent State's argument that "permitting a state court to reopen direct review, and thus reset AEDPA's 1-year limitations period, undermines the policy of finality that Congress established in § 2244(d)(1)").

Regardless, the Government's policy concerns are overblown. First, as the Government correctly notes, the Mandatory Victim Restitution Act provides procedural flexibility to victims—not defendants—on matters of restitution. Thus, the deadline for a § 2255 petition can only be extended by action of the victim or a judge on matters of restitution, not the defendant, eliminating the possibility of gamesmanship or manipulation by the defendant to restart the § 2255 clock. Second, victims are naturally incentivized to promptly seek restitution, and in the normal course of events, the finalization of sentences to include restitution will not result in an undue or extreme delay.

## CONCLUSION

Only when a judgment becomes final, and is no longer subject to future amendments or alterations, does the one year period of limitation begin. Because Mr. Lee's Motion to Vacate was filed within the one-year limitation in 28 U.S.C. § 2255(f)(1), the district court's dismissal of this motion should be overturned.

Dated this 31st day of March, 2025.

Respectfully submitted,

By: ______________________

KIRA A. KELLEY
MN Bar No. 0402932
P.O. BOX 7040
Minneapolis, MN 55407
(802) 683-4086
kira@climatedefenseproject.org

*Attorney for Montez Lee Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated this 31st day of March, 2025.

*/s/ Kira A. Kelley*
Kira A. Kelley, Esq.
*Attorney for Appellant Montez T. Lee, Jr.*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B)(ii) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document contains 2469 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Google Docs in 14-point Times New Roman font. The brief has been scanned electronically for viruses, which scan confirmed that the materials submitted are virus-free.

Dated this 31st day of March, 2025.

*/s/ Kira A. Kelley*
Kira A. Kelley, Esq.
*Attorney for Appellant Montez T. Lee, Jr*